AMELIA YAMAMOTO, Appellant-Appellee *v.* FRANKLIN SUNN, Director of the Department of Social Services and Housing, State of Hawaii, Appellee-Appellant

NO. 10025

(CIVIL NO. 78042)

MAY 24, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* In this case, the State appeals from the Circuit Court's Order Reversing Agency Decision entered May 3, 1984.

Appellant Yamamoto, a welfare recipient under the AFDC program, was receiving benefits for the support of her three children. She was enrolled as a full-time student at the University of Hawaii during the 1982-1983 academic year. The University provided her with financial aid of $4,188, in the following amounts:

| | |
|---|---|
| National Direct Student Loan | $ 2600 |
| PELL Grant | 988 |
| Hawaii State Incentive Grant | 450 |
| Work Study | 150 |

Yamamoto received a Notice of Adverse Action on February 16, 1983, proposing to terminate her AFDC assistance due to excessive income. At the fair hearing which ensued, it was agreed between the parties that the above forms of financial aid should not be considered income for purposes of determining Yamamoto's eligibility to receive AFDC benefits.

Instead, the parties disagreed about the treatment of an additional $1500 which Yamamoto received in the form of a Hemenway Scholarship grant. The hearing officer included the amount of this grant in her eligibility calculation, and held that her educational expenses of $2088 should be subtracted first from the so-called "excluded" grants. He held Yamamoto was therefore ineligible to receive AFDC payments, since the entire amount of the Hemenway grant was deemed available to pay her living expenses.

On appeal to the Circuit Court, the trial judge reversed this decision and restored Yamamoto's benefits. Because we have determined that the proceeds of the Hemenway grant must be included in income for purposes of ascertaining Yamamoto's eligibility to receive AFDC benefits, we reverse this ruling by the trial court.

The State's position is that the amount of the Hemenway grant can be excluded from determining AFDC eligibility only if it could not be used to meet living, as opposed to purely educational, expenses. Because the grant has no such restrictions, argues the State, it was properly counted as income in measuring Yamamoto's eligibility. This position, posits Yamamoto, is contradicted by 45 C.F.R. § 233.20(a)(4)(ii)(D). The regulation, she asserts, mandates that this educational grant be excluded along with the other financial aid which she received.

 

Yamamoto's reliance on this regulation appears misplaced, however. The above-cited section provides, in pertinent part:

§ 233.20 Need and amount of assistance.

(a) *Requirements for State Plans.* A State Plan for ... AFDC, ... must, as specified below:

. . . .

(4) *Disregard of income in ... AFDC,*

. . . .

(ii) Provide that, in determining eligibility for public assistance and the amount of assistance payment, the following will be disregarded as income and resources:

. . . .

(d) Any grant or loan to any undergraduate student for educational purposes made or insured under any programs administered by the Commissioner of Education[.]

Notwithstanding the trial court's citation of this measure, its application is clearly triggered only where a grant for educational purposes is given or insured by the Secretary of Education. The Hemenway grant, as a private fund given without restrictions as to its use fails both of these criteria.

The State relies on two of its regulatory measures relating to AFDC to bolster the argument that the proceeds of the grant were properly counted as income. These Department of Social Services and Housing ("DSSH") rules provide:

§ 17-621-7 *Income exemptions.* (a) The department shall exempt all of the following income in determining the amount of the financial assistance payment:

. . . .

(5) Any grant or loan to any undergraduate student for educational purposes made or insured under programs administered by the United States Secretary of Education which includes, but is not limited to:

(A) Basic Educational Opportunity Grants Program (BEOG) (Basic Grants);

(B) Supplemental Educational Opportunity Grant (SEOG);

(C) National Direct Student Loans;

(D) Guaranteed Student Loans;

(E) State Student Incentive Grant Program (SSIG); and

(F) College work study[.]

§ 17-621-19 *Loans, grants, scholarships, and educational benefits.* (a) Any loans or grants such as scholarship obtained and used under conditions that preclude their use for current living expenses shall not be counted as income.

(b) Any scholarships or educational benefits specifically excluded in § 17-621-7(5) shall not be counted as income.

(c) That part of the payment from educational grants or scholarships received for the student's dependents for current living expenses shall be counted as unearned income.

(d) That part of the payment from educational grants or scholarships that is for the student and that is actually used for items such as tuition, books, fees, equipment, transportation for school purposes, or child care services necessary for school attendance, shall not be counted as unearned income.

In holding that the Hemenway grant should have been excluded from the eligibility calculation, the trial court apparently relied on Rule § 17-621-19(d), which provides that if grants are actually used for education-related purposes, the amount depleted for such purposes will not be considered income. Yamamoto failed to show that any portion of the Hemenway grant was actually used for educational expenses, however. She presented evidence of her total expenses and attempted to argue that because these exceeded the amount of the grant, the grant amount should be excluded. However, this administrative rule placed the burden of showing actual use for educational purposes upon her, a burden she apparently was unable to meet.

As the State asserts, DSSH Rule § 17-621-19(a) also bars counting as income a grant which precludes its use for current living expenses. Yamamoto's representative noted at the fair hearing that the Hemenway funds provide "college expenses . . . and/or living expenses." (R. at 99). The grant is thus not within the category to be excluded by this rule.

The rule, therefore, supports our result in this case. Similarly, the conclusion that the Hemenway grant is includable as income is supported by § 17-62-19(b) which excludes counting as income benefits specifically excluded in § 17-621-7(5). That section, like

the above-cited federal regulation, however, applies only to grants administered or insured by the Secretary of Education, not a private fund such as the Hemenway grant.

In light of the above discussion, we conclude that the trial court erred in its conclusion that the Hemenway grant was required to be disregarded in determining Yamamoto's eligibility. Accordingly, we reverse the ruling of the trial judge.

Reversed.

*Lorenn Walker (Thomas D. Farrell* on the brief) Deputy Attorneys General for appellee-appellant.

*Raymond E. Gurczynski,* Legal Aid Society of Hawaii for appellant-appellee.

## DISSENTING OPINION OF NAKAMURA, J., WITH WHOM WAKATSUKI, J., JOINS

The court reverses the circuit court on grounds that the grant received by Ms. Yamamoto from a private foundation could have been applied to meet "college expenses . . . and/or living expenses" and she failed to carry the burden of showing an actual use of the grant for educational purposes. Yet the only evidence covering the use of the granted funds was supplied by Ms. Yamamoto who maintained it was used for such purposes, and I dissent.

This court's decision creates a disincentive for students receiving assistance under the Aid to Families with Dependent Children program to seek private educational grants. Furthermore, the modest sum made available by the Hemenway grant would hardly permit Ms. Yamamoto to lead a life of luxury while she seeks a college education that would enable her family to get off the public assistance rolls. I would affirm the circuit court's decision.